**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| ALEXANDRA FERRER, on behalf of herself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>HILTON DOMESTIC OPERATING COMPANY INC., a Delaware Corporation, and DOES 1 through 10,<br><br>*Defendants.* | Case No. 1:26-cv-00091-LMB-WBP |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HILTON DOMESTIC OPERATING COMPANY INC.'S MOTION TO DISMISS SAC**

# TABLE OF CONTENTS

**Page**

INTRODUCTION .......... 1

FACTUAL BACKGROUND .......... 3

A. Hilton Domestic and the Waldorf Astoria Customer Service Line .......... 3

B. Plaintiff's Call to Waldorf Astoria .......... 4

LEGAL STANDARD .......... 5

ARGUMENT .......... 5

A. Plaintiff Fails to Allege Sufficient Facts that the Call was Recorded or that Hilton Domestic Acted with the Requisite Intent. .......... 6

B. Plaintiff Fails to Allege Hilton Domestic Recorded or Assisted in Recording Plaintiff's Call. .......... 9

C. Plaintiff Fails to Allege That Both Parties Used a Telephone as Required. .......... 11

CONCLUSION .......... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ 5, 8, 10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........ 5

*Boulton v. Community.com, Inc.*,
No. 23-3145, 2025 WL 314813 (9th Cir. Jan. 28, 2025) ........ 11

*Brinkley v. Monterey Fin. Servs., LLC*,
340 F. Supp. 3d 1036 (S.D. Cal. 2018) ........ 6

*Byars v. Hot Topic, Inc.*,
656 F. Supp. 3d 1051 (C.D. Cal. 2023) ........ 6, 10, 13

*Cody v. Ring LLC*,
718 F. Supp. 3d 993 (N.D. Cal. 2024) ........ 12, 13

*De Jesus v. Sears, Roebuck & Co.*,
87 F.3d 65 (2d Cir. 1996) ........ 11

*E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship.*,
213 F.3d 175 (4th Cir. 2000) ........ 5

*E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*,
637 F.3d 435 (4th Cir. 2011) ........ 5

*Guillen v. Esper*,
No. 119CV1206LMBIDD, 2020 WL 3965007 (E.D. Va. July 13, 2020) (Brinkema, J) ........ 9

*Hataishi v. First Am. Home Buyers Prot. Corp.*,
223 Cal. App. 4th 1454 (2014) ........ 2, 12

*Ji v. Naver Corp.*,
No. 21-CV-05143-HSG, 2022 WL 4624898 (N.D. Cal. Sept. 30, 2022) ........ 10

*Kensington Vol. Fire Dep't, Inc. v. Montgomery Cnty*,
684 F.3d 462 (4th Cir. 2012) ........ 5

*Martin v. Sephora USA, Inc.*,
No. 1:22-cv-01355-JLT-SAB, 2023 WL 2717636 (E.D. Cal. Mar. 30, 2023) ........ 13

*Menzel v. Scholastic, Inc.*,
No. 17-cv-05499-EMC, 2018 WL 1400386 (N.D. Cal. Mar. 19, 2018) ....................................8

*NorthStar Aviation, LLC v. Alberto*,
332 F. Supp. 3d 1007 (E.D. Va. 2018) ..........................................................................5

*Rojas v. HSBC Card Servs. Inc.*,
93 Cal. App. 5th 860 (2023) ........................................................................................6

*Smith v. LoanMe, Inc.*,
11 Cal. 5th 183 (2021) ..........................................................................................6, 12

*Student "C" v. Anne Arundel Cnty. Cmty. Coll.*,
513 F. Supp. 3d 658 (D. Md. 2021)........................................................................5, 8

*Valenzuela v. Keurig Green Mt., Inc.*,
674 F. Supp. 3d 751 (N.D. Cal. 2023) ..................................................................8, 12

*Valenzuela v. Nationwide Mut. Ins. Co.*,
686 F. Supp. 3d 969 (C.D. Cal. 2023) ........................................................................12

*Vartanian v. VW Credit, Inc.*,
No. 2:11-CV-10776-SVW-RZ, 2012 WL 12326334 (C.D. Cal. Feb. 22, 2012).......................9

*Vitol, S.A. v. Primerose Shipping Co.*,
708 F.3d 527 (4th Cir. 2013) ......................................................................................11

**Statutes**

Cal. Penal Code § 632.7.......................................................................................... *passim*

Cal. Penal Code § 632.7(a) ...................................................................................... *passim*

Cal. Penal Code § 637.2..................................................................................................4

Va. Code § 19.2-62B.2 ....................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)...............................................................................................1, 5

Defendant Hilton Domestic Operating Company Inc. ("Hilton Domestic") submits this Memorandum in support of its Motion to Dismiss the Second Amended Complaint ("SAC") under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## INTRODUCTION

On June 9, 2026, this Court granted Hilton Domestic's Motion to Dismiss the First Amended Complaint ("FAC"), finding that Plaintiff Alexandra Ferrer ("Plaintiff") failed to plead sufficient facts to state a claim under the California Invasion of Privacy Act ("CIPA") Section 632.7. (*See* ECF No. 49). The Court preliminarily held that it would dismiss the Complaint with prejudice, stating that "where clearly from [the] first motion to dismiss [Plaintiff was] put on notice that there were inadequacies in the complaint, I am not a big fan … to allow a second amended complaint . . . . I'm satisfied that information and belief is just too vague a pleading standard for this kind of case." See Transcript of June 9, 2026 Hearing, at p. 13, attached hereto as Exhibit A to the Declaration of Matthew C. Danaher ("Danaher Decl."). Plaintiff prevailed upon the Court to allow a second amended complaint, and the Court allowed one last amendment and the Court stated that a "last amended complaint" would be allowed. See Danaher Decl., Ex. B, p. 15.

Plaintiff filed the SAC on June 23, 2026 and added limited support for her pleading on "information and belief." Plaintiff claims that her information and belief are supported by (a) an unidentified "800-WALDORF operator" who confirmed that calls are recorded, (b) that Plaintiff had made test calls allegedly confirming the absence of a recording disclosure, and (c) allegations attempting to tie the 800-WALDORF line to Hilton Domestic through the Waldorf Astoria website. See SAC ¶ 19. Importantly, Plaintiff did not provide support for a critical factual allegation—how she knew her call was recorded in the absence of a disclosure. These new allegations do not cure that fundamental vagueness in the pleading, which this Court previously identified, but rather confirm that Plaintiff is unable to state a claim.

The Court should now dismiss Plaintiff's SAC with prejudice for each of the following reasons:

*First*, at the hearing, the Court questioned the FAC's failure to plead with particularity the source of Plaintiff's knowledge that the call was recorded. The FAC had not provided any basis for that claim, as the Court pointed out at the hearing. The SAC provides no new allegations stating that Plaintiff heard a beep, a buzz, or a pause, or any other indication that the call was in fact recorded. This fundamental deficiency, which Plaintiff had explicit notice of the need for a cure, remains unaddressed; therefore, the SAC fails to state a claim for the same pleading deficiency upon which the FAC was dismissed.

The SAC's allegation that an unidentified "800-WALDORF operator" allegedly confirmed that calls are recorded is too vague; indeed, it is unfalsifiable as pled—it does not identify the individual who made the statement. It is common knowledge that operators on these lines identify themselves, or provide their name upon request, and Plaintiff could have, and should have, obtained the name and provided it in the pleading so the claim can be verified. No verification is possible given the vagueness of these allegations. An unverifiable factual allegation, made on the third amended pleading, should be rejected. In addition, Plaintiff provided no basis for the knowledge of the unidentified operator, and no timeframe or other details for the alleged call. Notable are the inferences that arise from the omissions in these vague allegations—the inference Plaintiff seeks the Court to draw is that on each of these calls there was a recording, without a disclosure, but Plaintiff never provides support for her knowledge that a recording took place on any of the calls. Finally, nowhere does Plaintiff plead that Hilton Domestic *intentionally* recorded or *intentionally* assisted in recording Plaintiff's call. CIPA Section 632.7 is a criminal statute, so a plaintiff must plead Hilton Domestic's *mens rea* to state a claim.

*Second*, the SAC still fails to adequately allege that Hilton Domestic is the entity responsible for the alleged call recording. Plaintiff does not allege that Hilton Domestic directs or controls the Waldorf Astoria customer service line, or how Hilton Domestic purportedly assisted another in recording Plaintiff's call.

*Third*, Plaintiff fails to allege her call falls under ***any*** of the five enumerated communication types for which Section 632.7 authorizes claims. Specifically, Plaintiff fails to plead that the customer service center was also using a telephone. The SAC does not materially change its device allegations and provides no additional technical detail about the device used by the customer service representative.

For each and all of these reasons, the SAC fails to state a claim for a violation of CIPA Section 632.7 and should be dismissed with prejudice.

## FACTUAL BACKGROUND

### A. Hilton Domestic and the Waldorf Astoria Customer Service Line

Hilton Domestic is an "operating entity" that allegedly serves as the "primary controller for guest data and information," including for the Waldorf Astoria. SAC ¶ 11. The SAC characterizes 800-WALDORF as "[Hilton Domestic's] customer service." *Id.* ¶¶ 14, 17. The SAC further alleges that "Waldorf Astoria" "is not a separate legal entity,"[1] that the Waldorf Astoria website uses a Hilton URL, bears a Hilton copyright, and links to a site-usage agreement identifying "Hilton Domestic Operating Company Inc." as "Hilton." SAC ¶¶ 11–12. The SAC also alleges that Plaintiff's call "was routed to Hilton," not to a specific Waldorf location, and that the operator stated the call was handled by "Hilton reservations." SAC ¶¶ 12, 19 n.1.

[1] Contrary to this assertion, Waldorf Astoria is a separate legal entity, as evidenced by the Waldorf=Astoria Management LLC's status as a registered Delaware entity. *See generally* Danaher Decl., Ex. B, at 1.

**B. Plaintiff's Call to Waldorf Astoria**

"In or about late-August, 2025, Plaintiff called the Waldorf Astoria customer service number" and "spoke with a customer service representative." SAC ¶ 12. Plaintiff alleges that she did so "in California using a cellular telephone with a California area code." *Id.* ¶ 17. Plaintiff alleges that during this call, "[Hilton Domestic] recorded her telephone call" but did not inform Plaintiff about the alleged recording or otherwise provide a recording disclosure. *Id.* ¶ 16.

The SAC adds new allegations regarding Hilton Domestic's alleged recording practices. Plaintiff now alleges, for the first time, that a pre-filing investigation revealed that an "800-WALDORF operator" confirmed that calls to 800-WALDORF are recorded, stored, and available for review. SAC ¶ 19. Plaintiff fails to identify the operator, when the call was made, or the basis of knowledge of the operator. Plaintiff also claims that multiple test calls on unidentified dates confirmed no recording disclosure was provided and that an automated recording disclosure was added to the 800-WALDORF line after suit was filed. *Id.* The SAC continues to allege *upon information and belief* that Hilton Domestic had "a practice and policy of intentionally recording all inbound and outbound telephone calls" but "systematically failed to inform consumers . . . that it was secretly recording their telephone calls[.]" SAC ¶ 18. Plaintiff also alleges on information and belief that Hilton Domestic executed this policy by using "certain computer hardware and/or software technology and/or other equipment (Call Recording Technology)" on its "customer service facing Telephonic Communication System Device." *Id*. ¶¶ 13–14. According to the SAC, this conduct violated Section 632.7, which prohibits recording certain telephone calls without prior disclosure.[2] Plaintiff seeks statutory damages under Penal Code Section 637.2 of $5,000 per violation of the statute. *Id*. ¶ 29.

[2] Unlike Virginia (*see* Va. Code § 19.2-62B.2), California requires the consent of all parties to the telephone call for call recording. *See* Cal. Penal Code § 632.7(a).

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard does not require probability, "but it asks for more than a sheer possibility" that the defendant is liable. *Id.* (quoting *Twombly,* 550 U.S. at 556). Neither "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," nor "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" satisfy the Rule 12(b)(6) plausibility standard. *Id.* (citing *Twombly,* 550 U.S. at 555).

The district court "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff."' *Kensington Vol. Fire Dep't, Inc. v. Montgomery Cnty*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)). However, a district court is not bound by "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship.*, 213 F.3d 175, 180 (4th Cir. 2000); *Student "C" v. Anne Arundel Cnty. Cmty. Coll.*, 513 F. Supp. 3d 658, 664 (D. Md. 2021). Dismissal is appropriate where the law and factual circumstances cannot give rise to liability under the cause of action asserted. *See, e.g., NorthStar Aviation, LLC v. Alberto,* 332 F. Supp. 3d 1007, 1017 (E.D. Va. 2018) (dismissing claim because the alleged facts and the law rendered liability legally impossible).

## ARGUMENT

Plaintiff's single call recording claim against Hilton Domestic under Section 632.7 of CIPA fails to state a claim and must be dismissed. Section 632.7 is a criminal statute that assigns liability to a person who "intercepts or receives and intentionally records, or assists in the interception or

reception and intentional recordation of, a communication" for enumerated types of phone calls. Cal. Penal Code § 632.7(a). Despite three attempts, Plaintiff has not pleaded a violation of the statute.

**A. Plaintiff Fails to Allege Sufficient Facts that the Call was Recorded or that Hilton Domestic Acted with the Requisite Intent.**

Plaintiff fails to plead facts showing that the call at issue was recorded and that Hilton Domestic intentionally recorded her call to the Waldorf Astoria customer service line or intentionally assisted another in doing so. Under CIPA, Plaintiff fails to plead a specific *mens rea*. The "requisite intent is to record a confidential communication, rather than simply an intent to turn on a recording apparatus which happened to record a confidential communication." *Rojas v. HSBC Card Servs. Inc.*, 93 Cal. App. 5th 860, 876 (2023) (cleaned up).

Section 632.7 only protects against "*intentional*, nonconsensual recording of telephone conversations." *Byars v. Hot Topic, Inc.*, 656 F. Supp. 3d 1051, 1069 (C.D. Cal. 2023) (emphasis added); *Smith v. LoanMe, Inc.*, 11 Cal. 5th 183, 190 (2021) ("[T]he text of section 632.7(a) . . . is most naturally read as prohibiting both parties and nonparties from *intentionally recording* a covered communication without the consent of all parties to the communication.") (emphasis added); *Brinkley v. Monterey Fin. Servs., LLC*, 340 F. Supp. 3d 1036, 1043 (S.D. Cal. 2018) (recognizing Section 632.7 has "two conjunctives" that both require intent: "intercepts and intentionally records" and "receives and intentionally records") (quotation marks omitted).

Here, the SAC only partially addresses the deficient allegations identified in the FAC. The SAC materially omits any new allegations identifying the source of Plaintiff's alleged knowledge that the call was recorded – a subject the Court directly addressed at the last hearing:

> Where is there any evidence that, in fact, the defendant is doing what your client alleges it's doing? And let me help you on that a little bit. Okay.

> If, for example, the complaint were to say that when Ms. Ferrer called the Waldorf line, there was a couple of seconds delay, and there may be a click indicating that it was being recorded, or the voice that came on was a robo voice, or something like that that would indicate that there was some kind of mechanical recording going on, I don't have any of that in this complaint. All I have is that, you know, she -- on information and belief.
> Well, where is the -- where is the information coming from? What information does she have that would support a belief? All right. So I'm giving you that chance. I mean, you've talked, I assume, with your client, you must know exactly what it was that she experienced that led her to believe that this was happening.

See Danaher Decl., Ex. B, pp. 3-4.

Plaintiff's counsel did not directly answer the Court's questions at the hearing but promised new allegations to support the claim of knowledge of the recording. *See id.* at pp. 4-5. Yet, the SAC provides no support for the "information and belief" claim that Plaintiff's call was recorded. Plaintiff does not allege there was a beep or buzz, or robo voice, or any other indication of recording. Plaintiff instead stands on her prior pleading. Because Plaintiff failed entirely to remedy this identified and discussed deficiency, the SAC should be dismissed with prejudice on that basis alone.

Second, the SAC attempts to partially cure the FAC's pleading deficiencies by alleging that an "800-WALDORF operator" confirmed that calls to 800-WALDORF are recorded, stored, and available for review, and that multiple test calls confirmed no recording disclosure was provided. (SAC ¶ 19.) But these allegations are vague and insufficient to establish intent. Notably, the SAC does not identify the operator by name, title, or role; does not allege the operator's tenure or basis of knowledge. The SAC does not state when the conversation with the operator occurred and does not allege whether the operator was a current or former employee with personal knowledge of any recording policy. All of this information could have, and should have, been obtained during the "test calls" and provided in this last amended complaint. It was not. An allegation based on an unidentified

individual's unverified statement, without any indicia of reliability, is precisely the type of conclusory assertion that fails to satisfy *Iqbal*'s plausibility standard. *See Valenzuela v. Keurig Green Mt., Inc.*, 674 F. Supp. 3d 751, 759 (N.D. Cal. 2023) ("[C]onclusory" allegations and failure to "allege specific facts" has "been found to fall short of stating a plausible claim" under other sections of CIPA); *Menzel v. Scholastic, Inc.*, No. 17-cv-05499-EMC, 2018 WL 1400386, at *2 (N.D. Cal. Mar. 19, 2018) (internal citations omitted) ("An allegation made on information and belief must still be based on factual information that makes the inference of culpability plausible . . . ."); *Student "C"*, 513 F. Supp. 3d at 663 (dismissing breach of contract claim when the plaintiff's allegations "amount[ed] to mere speculation that a written contract . . . was created and breached, which does not constitute a plausible claim for relief").

The alleged "test calls" confirming no recording disclosure was provided do not establish that Plaintiff's August 2025 call was actually *recorded*—only that no disclosure was made. The absence of a disclosure does not logically compel the inference that recording occurred, let alone that Hilton Domestic *intentionally* recorded any calls. And the SAC's allegation that an automated recording disclosure was added to the 800-WALDORF line after suit was filed is equally unavailing: a post-litigation change to a phone line's procedures is not probative of whether Hilton Domestic intentionally recorded Plaintiff's call months earlier. The SAC's conclusory assertion that Hilton Domestic "had a practice and policy of intentionally recording all inbound and outbound telephone calls" remains insufficient. SAC ¶ 18. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). That the SAC inserts the word "intentionally" before "recording" does not transform a legal conclusion into a factual allegation. A plaintiff "fail[s] to sufficiently plead an intentional recording" by merely "alleging that Defendant 'had a policy or practice of recording telephone

conversations' without providing a single factual allegation supporting that conclusion." *Vartanian v. VW Credit, Inc.*, No. 2:11-CV-10776-SVW-RZ, 2012 WL 12326334, at *2 (C.D. Cal. Feb. 22, 2012) (dismissing claim). Despite the SAC's new allegations, Plaintiff still cannot point to any concrete facts that would support a plausible inference of intentional recording by Hilton Domestic. *See Guillen v. Esper*, No. 119CV1206LMBIDD, 2020 WL 3965007, at *8 (E.D. Va. July 13, 2020) (Brinkema, J) ("[L]egal conclusions pleaded as factual allegations, unwarranted inferences, unreasonable conclusions, and naked assertions devoid of further factual enhancement are not entitled to the presumption of truth.") (citation omitted).

Accordingly, Plaintiff's failure to sufficiently plead "intent" under Section 632.7(a) dooms her claim.

**B. Plaintiff Fails to Allege Hilton Domestic Recorded or Assisted in Recording Plaintiff's Call.**

Plaintiff also fails to allege that Hilton Domestic violated or assisted another in violating Section 632.7(a).

First, the SAC alleges that "Defendant" Hilton Domestic recorded Plaintiff's call when she called "the Waldorf Astoria customer service number, 800-WALDORF (800-925-3673)." SAC ¶¶ 12, 14. To bridge the gap this Court identified in the FAC, the SAC adds allegations that the Waldorf Astoria website uses a Hilton URL, bears a Hilton copyright, and links to a site-usage agreement naming "Hilton Domestic Operating Company Inc." as "Hilton" (SAC ¶¶ 11–12), and that Plaintiff's call "was routed to Hilton" and handled by "Hilton reservations" (SAC ¶ 19 n.1). But these allegations, even taken as true, do not establish that Hilton Domestic—as a specific legal entity—operates the 800-WALDORF customer service line or directed the alleged recording of Plaintiff's call. That a website bears a Hilton copyright or uses a Hilton URL is evidence of brand affiliation, not evidence that Hilton Domestic controls the call-recording practices of the customer

service line. Similarly, that an operator referred to "Hilton reservations" is consistent with a branded customer service experience and does not plausibly allege that Hilton Domestic, as distinguished from any other entity within the Hilton corporate family, is responsible for the alleged recording.

Alternatively, Plaintiff appears to contend that Hilton Domestic is liable because it aided and abetted another unnamed party to record her call. SAC ¶ 10. But the SAC still does not identify the third party that Hilton Domestic allegedly assisted—referring only to unnamed "Doe Defendants." *Id.* A party can be liable under Section 632.7 when it "*assists* in the interception or reception and intentional recordation" of a call, but those facts are not alleged here. Cal. Penal Code § 632.7(a) (emphasis added); *see Ji v. Naver Corp.*, No. 21-CV-05143-HSG, 2022 WL 4624898, at *11 (N.D. Cal. Sept. 30, 2022) ("Section 632.7(a) may not require maliciousness but it does require that Defendants *recorded* (or assisted in recording) the communications."). Plaintiff fails to plead facts or offer any plausible explanation of how Hilton Domestic provided alleged assistance to an unidentified third party. Indeed, the SAC lacks ***any*** facts supporting this alternative theory. Plaintiff's inability to identify even the entity she claims Hilton Domestic "assisted" reflects a fundamental failure to investigate and plead specific facts before filing suit. *See Byars v. Hot Topic, Inc.*, 656 F. Supp. 3d 1051, 1067 (C.D. Cal. 2023) ("[P]re-discovery information deficits do not appear to have stopped numerous other plaintiffs who have brought CIPA challenges from learning how a third-party software vendor works."). The plausibility standard "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79.

Plaintiff's boilerplate allegation "on information and belief" that Hilton Domestic and "each Doe Defendant" acted as agents or alter egos or ratified the alleged conduct only injects

confusion into an already muddled claim. SAC ¶ 10. These meager allegations do not establish any basis for liability of Hilton Domestic. "A corporate entity is liable for the acts of a separate, related entity only under extraordinary circumstances, commonly referred to as 'piercing the corporate veil.'" *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013). The SAC does not allege any facts suggesting that Hilton Domestic dominates Waldorf Astoria or any other entity within the Hilton corporate family, let alone that it controls the Waldorf Astoria customer service line or that the customer service center had any obligation to follow an alleged Hilton Domestic recording policy. "Indeed, ownership by a parent of all its subsidiary's stock has been held an insufficient reason in and of itself to disregard distinct corporate entities. Actual domination, rather than the opportunity to exercise control, must be shown." *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 69 (2d Cir. 1996). Those facts are entirely missing here, and Plaintiff fails to establish any basis for liability of Hilton Domestic.

**C. Plaintiff Fails to Allege That Both Parties Used a Telephone as Required.**

The SAC also still fails to allege that a "telephone" was used by both parties as required to fall within the five types of calls for which recording without consent is prohibited under Section 632.7. Under Section 632.7, "it is an offense to intercept a communication transmitted 'between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone.'" *Boulton v. Community.com, Inc.*, No. 23-3145, 2025 WL 314813, at *2 (9th Cir. Jan. 28, 2025) (quoting Cal. Penal Code § 632.7(a)) (dismissing claim for failure to allege text message "was a transmission between two telephones as plainly required by the statute and as so interpreted by California courts"). A recorded call that is not one of these five call types fails to state a Section 632.7 claim.

It is well-settled that "[e]very type of communication listed in the statute is between two phones. To the extent the meaning was unclear, the California Supreme Court recently clarified that Section 632.7 prohibits intrusions upon 'a communication transmitted between a cellular or cordless telephone *and another telephone*.'" *Valenzuela v. Nationwide Mut. Ins. Co.*, 686 F. Supp. 3d 969, 983 (C.D. Cal. 2023) (quoting *Smith v. LoanMe, Inc.*, 11 Cal. 5th at 187) (emphasis added); *Cody v. Ring LLC*, 718 F. Supp. 3d 993, 1004 (N.D. Cal. 2024) ("[C]ommunication between two telephones is required."); *Valenzuela v. Keurig Green Mountain, Inc.*, 674 F. Supp. 3d at 758-59 (dismissing Section 632.7 claim where "[n]o plausible allegation exist[ed] . . . that Defendant received Plaintiff's message on a 'cellular radio telephone,' a 'landline telephone,' or a 'cordless telephone'" and declining plaintiff's invitation to "engage in statutory re-writing to update § 632.7 for the internet era by interpreting 'landline' broadly"); *Hataishi v. First Am. Home Buyers Prot. Corp.*, 223 Cal. App. 4th 1454, 1469 (2014) (dismissing claim and noting that "the trier of fact must first determine what type of telephone was used to receive the subject call").

Here, although the SAC alleges that Plaintiff used her own "cellular telephone" to make her call (SAC ¶ 17), the SAC's attempt to allege the use of a qualifying telephone on the other end of the communication is fatally deficient. The SAC does not materially change the device allegations from the FAC and provides no detail about the device used by the customer service representative. The SAC continues to use the vague term "Telephonic Communication System Device." SAC ¶¶ 13-14, 17. This term does not appear anywhere in Section 632.7 and is not defined by statute. The SAC does not explain what Plaintiff means by "Telephonic Communication System Device" or how it operated, or allege any facts to allow this Court to reasonably infer that it falls under one of the devices covered by the statute. These speculative,

"information and belief" allegations do not establish that Hilton Domestic used a covered device during Plaintiff's alleged call.

Moreover, Plaintiff's own allegations undermine her claim: she alleges that Hilton Domestic utilized "certain computer hardware and/or software technology and/or other equipment ('Call Recording Technology')" to record calls. SAC ¶ 13. Courts have squarely rejected the argument that computer equipment satisfies Section 632.7's telephone requirement. In *Martin v. Sephora USA, Inc.*, No. 1:22-cv-01355-JLT-SAB, 2023 WL 2717636, at *17 (E.D. Cal. Mar. 30, 2023), the court held that the argument that computer equipment should be construed as a "landline telephone" under the statute was "unavailing," concluding that Section 632.7 "only applies to the five types of calls previously enumerated" and does not extend to computer-based communications equipment. *Id.* Like the plaintiff in *Martin*, Plaintiff here cannot satisfy the two-telephone requirement of Section 632.7 by labeling Hilton Domestic's computer hardware as a "Telephonic Communication System Device"—apparently a term of Plaintiff's own invention—in an attempt to force non-telephone equipment into the statute's coverage. *See also Byars*, 656 F. Supp. 3d at 1069 ("[W]hoever or whatever is on the other end of the . . . communication, a computer, not a telephone, is being used to receive and send messages"); *Cody v. Ring LLC*, 718 F. Supp. 3d at 1004 (rejecting argument to "broadly construe" the term "landline phone" to encompass computer equipment).

Accordingly, Plaintiff's singular Section 632.7 claim should be dismissed because, as in *Cody*, Plaintiff "cannot . . . allege that [her] communication" with Hilton Domestic's customer service line was "between two telephones, and any amendment would be futile." *Cody v. Ring LLC*, 718 F. Supp. 3d at 1004 (dismissing Section 632.7 claim with prejudice for failure to allege the device on the defendant's end was a telephone).

## CONCLUSION

For each and all of these reasons, further amendment would be futile and the Court should dismiss the SAC with prejudice. Despite three opportunities to state a claim, Plaintiff's fundamental pleading deficiencies remain. *See Factor2 Multimedia Sys., LLC v. United States*, 2026 WL 445324, at *7 (E.D. Va. Feb. 17, 2026) (Brinkema, J.) ("A court may deny a motion for leave to amend 'when the amendment would be . . . futile.'") (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

Respectfully Submitted,

Dated: July 7, 2026

*/s/ Benjamin Boyd*
Benjamin Boyd (VSB #28427)
**DLA PIPER LLP (US)**
500 8th Street, N.W.
Washington, D.C. 20004
(202) 799-4253
benjamin.boyd@us.dlapiper.com

Isabelle Ord (admitted *pro hac vice*)
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105
(714) 878-9849
isabelle.ord@us.dlapiper.com

Ashley L. Barton (admitted *pro hac vice*)
Matthew C. Danaher (admitted *pro hac vice*)
**DLA PIPER LLP (US)**
4365 Executive Drive, Suite 1100
San Diego, CA 92101
(619) 699-2781
Tel: (858) 677-1400
Fax: (858) 677-1401
ashley.barton@us.dlapiper.com
matt.danaher@us.dlapiper.com

*Attorneys for Defendant*
*Hilton Domestic Operating Company Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of July, 2026 a copy of the foregoing was filed with the Court's CM/ECF system, which will send a notice of electronic filing (NEF) to all counsel of record.

*/s/ Benjamin Boyd*
Benjamin Boyd